UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARKARRI FOSTER,<br>Plaintiff,<br>v.<br>C. CROSBY, et al.,<br>Defendants. | Case No. 22-cv-00878-WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT IN PART WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Michael Barkarri Foster's 42 U.S.C. § 1983 complaint states a claim against only one of 15 defendants. He may file an amended complaint on or before **July 11, 2022** that alleges facts to tie the other 14 defendants to any alleged wrongdoing. Failure to file a proper amended complaint by July 11, 2022, or a failure to comply in every respect with the instructions given in this order, may result in the dismissal of those defendants.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1    A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Foster alleges that in February 2021 prison guards at Pelican Bay State Prison battered, kicked, punched (and twice stabbed) him, thereby violating the Eighth Amendment. (Compl., Dkt. No. 1 at 3.) He names 15 defendants, but in his allegations he describes only the actions of Sergeant Puente, who is alleged to have ordered the opening of Foster's cell door "so that I can be physically harmed." (*Id.*)

Foster has stated a claim against Puente, but not against any of the other defendants. To state a claim against a defendant, he must specifically describe that defendant's actions. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

2

Foster should be aware that naming "Warden" as defendant is not sufficient to tie liability to anyone, especially not against a supervisory defendant. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-82. Simply put, a person cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

Foster mentions that doctors, including Dr. Thomas, did not take his injuries "seriously." (Compl., Dkt. No. 1 at 4.) Thomas is not listed as a defendant. If Foster means to raise allegations against persons regarding the medical care of injuries, he must name each person as a defendant and state specific facts against each person that show deliberate indifference under the Eighth Amendment. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)

Accordingly, the complaint will be dismissed with leave to file an amended complaint in which Foster puts forth allegations in which he describes the exact actions <u>each</u> person took. Because he has stated a claim against Puente, he need only repeat the allegations against Puente he made in the original complaint.

## CONCLUSION

The complaint is DISMISSED in part with leave to file an amended complaint on or before **July 11, 2022.** The amended complaint must include the caption and civil case number used in this order (22-00878 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear on this Court's form.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from any prior complaints by reference.

Failure to file an amended complaint in accordance with this order may in dismissal of the fourteen defendants against whom no facts are currently alleged under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** May 31, 2022



WILLIAM H. ORRICK
United States District Judge

4