UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARKARRI FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>C. CROSBY, et al.,<br><br>Defendants. | Case No. 22-cv-00878-WHO (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL DISMISSAL;**<br><br>**ORDER SETTING BRIEFING SCHEDULE**<br><br>Dkt. No. 22 |

**INTRODUCTION**

Plaintiff Michael Barkarri Foster alleges that prison guards at Pelican Bay State Prison entered his cell and beat and stabbed him in violation of the Eighth Amendment. Defendants move for partial dismissal under Rule 12(b)(6) on grounds that defendants Puente and Sullenger were not integral participants in the attack and are entitled to qualified immunity. They also contend that Foster has not stated facts sufficient to sustain his request for injunctive relief. Defendants' motion is GRANTED concerning the claims against Sullenger, which are DISMISSED; Foster's allegations show only that Sullenger opened Foster's cell door when told to do so--this does not indicate integral-participation. The motion is DENIED concerning the claims against Puente, who ordered that the cell door be opened. Defendants' motion is also GRANTED concerning the request for

1  injunctive relief because Foster has been transferred to another prison, making his
2  injunctive relief claims moot.
3        On or before **November 1, 2023**, defendants shall file a motion for summary
4  judgment, or a notice regarding such a motion.  Foster's opposition to defendants'
5  summary judgment motion shall be filed within 45 days after the motion is filed.
6  Defendants' reply to the opposition shall be filed within 15 days after the opposition is
7  filed.  The motion for summary judgment shall be deemed submitted on the day the reply
8  brief is due.

## BACKGROUND

10       The following factual allegations are taken from Foster's first amended complaint
11 and are assumed to be true for purposes of this Order.  On February 1, 2021 Pelican Bay
12 Correctional Officers C. Crosby, D. Eades, M. Shaffer, and B. Tubbs allegedly entered
13 Foster's cell and battered and stabbed him.  (First Am. Compl., Dkt. No. 10 at 5-6.)  Foster
14 states that Sergeant Puente ordered that his cell door be opened and that Officer Sullenger
15 opened the cell door.  (*Id.* at 5.)  He does not allege that either Puente or Sullenger
16 participated in the beating or stabbing.
17       After Foster was handcuffed and removed from the cell to the hallway, he saw
18 Officer Shaffer obtain a bottle of bleach from a closet and heard him say, "It's blood
19 everywhere on the floor in there." (*Id.* at 6.)  He then heard Puente say, "We're just going
20 to say that the batteries were dead in the camera." (*Id.*)
21       Foster's request for injunctive relief is in full as follows: "I[']m also seeking for an
22 injunction against all in suit." (*Id.* at 5.)
23       Foster opposes defendants' motion to dismiss Puente but said nothing about
24 Sullenger. (Opp., Dkt. No. 24 at 1.)  His opposition was construed as a Notice of Appeal
25 as well; it appears that Foster mistook defendants' proposed order as a court order and
26 asked to file an appeal. (*Id.*, Dkt. No. 24-1 at 1.)  The Ninth Circuit dismissed the appeal
27 for lack of jurisdiction because this Court had not issued any orders that were final or
28 appealable. (Dkt. No. 28.)

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

**DISCUSSION**

**I.    Claims Against Puente and Sullenger**

Defendants contend that Puente and Sullenger cannot be held liable because Foster's allegations do not contain sufficient facts showing that they were integral participants in the unlawful conduct. (Mot. to Dismiss (MTD), Dkt. No. 22 at 10.)  A person cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless he or she was an integral participant in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).  Under the integral-participation doctrine, a person can be held liable "only if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022).

The motion is GRANTED concerning the claims against Sullenger, which are DISMISSED. As defendants point out, Foster does not allege that Sullenger entered his cell or participated in the beating or stabbings. Instead, he opened the door as instructed: "C.O. Sullenger opened the cell door." (FAC, Dkt. No. 10 at 5.)  Nothing in the amended complaint shows that Sullenger knew of or acquiesced in the conduct as part of a common plan, or that he set in motion a series of acts by others which he would have known would

1  cause others to inflict the constitutional injury.  Because the claims against Sullenger have
2  been dismissed, it is unnecessary for me to consider defendants' request to determine
3  whether he is entitled to qualified immunity.
4        The motion is DENIED concerning the claims against Puente.  Though Puente did
5  not participate in the beatings or stabbings, he ordered that Foster's cell door be opened.
6  His alleged statement that "We're just going to say that the batteries were dead in the
7  camera" raises questions about his involvement that cannot be addressed through a Rule
8  12(b)(6) motion to dismiss.

## II. Injunctive Relief

Foster's request for injunctive relief is DENIED as moot.  He has been transferred to another prison.  Accordingly, I need not consider at this time defendants' contentions that the injunction request is unspecific regarding the relief sought and that it does not pass the Prison Litigation Reform Act's "need-narrowness-intrusive" test.  *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1070 (9th Cir. 2010) ("The Prison Litigation Reform Act provides that courts 'shall not grant or approve any prospective relief [with respect to prison conditions] unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.'")

## CONCLUSION

Defendants' motion to dismiss is GRANTED regarding the claims against Sullenger and is DENIED regarding the claims against Puente.  (Dkt. No. 22.)  The claims against Sullenger are DISMISSED.  The motion also is GRANTED regarding Foster's request for injunctive relief, which is DENIED.

On or before **November 1, 2023**, defendants shall file a motion for summary judgment, or a notice regarding such a motion.  Foster's opposition to defendants' summary judgment motion shall be filed within 45 days after the motion is filed.  Defendants' reply to the opposition shall be filed within 15 days after the opposition is filed.  The motion for summary judgment shall be deemed submitted on the day the reply

1  brief is due.

2        The Clerk shall terminate all pending motions.  The Clerk also shall TERMINATE

3  Sullenger as a defendant in this action.

4        **IT IS SO ORDERED.**

5  **Dated:**  August 17, 2023



WILLIAM H. ORRICK
United States District Judge